## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| THE MEDICAL PROTECTIVE COMPANY | ) | |
| OF FORT WAYNE, INDIANA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CAUSE NO.  1:13-CV-357** |
| | ) | |
| AMERICAN INTERNATIONAL SPECIALTY | ) | |
| LINES INSURANCE COMPANY, | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court is a Joint Motion for Protective Order seeking approval of a proposed Stipulated Protective Order and Non-Waiver Agreement (the "Proposed Order") under Federal Rule of Civil Procedure 26(c). (Docket # 38.)  As the Proposed Order is inadequate in several ways, the motion will be DENIED.

Rule 26(c)(1) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). But a protective order must extend only to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998) (same).  Here, the Proposed Order, which extends beyond the discovery phase of the proceedings (Proposed Order ¶ 9), fails to set forth such properly demarcated categories.

The definition of "Confidential Information" in the Proposed Order is, in relevant part, as follows:

[A]ny document . . . that contains:

a)      Nonpublic and confidential information . . . consisting of:

   1.      proprietary business and operations methods, including policies, procedures and protocols; or

   2.      personnel and service records and files relating to employees;

b)      . . . other competitively or commercially sensitive business, marketing, or sales information, or other confidential or proprietary commercial information;

c)      nonpublic financial information;

d)      private or confidential personal information . . . .

(Proposed Order ¶ 1.)

Thus, rather than formulating narrow, demarcated categories of legitimately confidential information, the Proposed Order advances a vague, circular definition of "Confidential Information" that relies upon oblique terms such as "confidential," "proprietary," "business," and "commercially sensitive."[1]  Likewise, the term "'non-public' is too vague.  If it means only that the information is not available to the general public, then it is insufficient because the information must be kept secret from and not readily ascertainable by potential competitors." *Cook*, 206 F.R.D. at 248-49.

And "not all information in an employee's personnel file is considered private." *Little v. Mitsubishi Motor Mfg. of Am., Inc*., No. 04-1034, 2006 WL 1554317, at *4 (C.D. Ill. June 5,

---

[1]  These terms are given by way of example and not as a complete list of the vague terms in the proposed definition.

2006). For example, "there is nothing confidential about an employee's job title, job description, hiring date, or work assignment and location." *Id.*; *see also Smith v. City of Chicago*, No. 04 C 2710, 2005 WL 3215572, at *2 (N.D. Ill. 2005).

"If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available. They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material." *Cook*, 206 F.R.D. at 248-49.

That is, for material to be protected, it "must give the holder an economic advantage and threaten a competitive injury–business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.* (emphasis omitted). "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, No. IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).

Moreover, the Proposed Order affords protection to any document that "contains" confidential information (Proposed Order ¶ 1), rather than just protecting the actual confidential material through a method of redaction. *See Cincinnati Insurance*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).

Finally, the Seventh Circuit Court of Appeals has made it clear that a protective order may only issue if the order "makes explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Id.* Here, the Proposed Order lacks such language.

It is important to remember that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Id.* at 945. That is, "[w]hat happens in federal courts is presumptively open to public scrutiny." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). Accordingly, a protective order "may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2.

For these reasons, the Court DENIES approval of the Proposed Order submitted by the parties. The parties may, however, submit a revised protective order consistent with the requirements of Rule 26(c)(1) and Seventh Circuit case law.

SO ORDERED.

Enter for this 1st day of December 2014.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

4