# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| THE MEDICAL PROTECTIVE COMPANY OF FORT WAYNE INDIANA, | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:13-CV-357-HAB |
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, | |
| Defendant. | |

## OPINION AND ORDER

Plaintiff Medical Protective Company of Fort Wayne, Indiana (MedPro), has sued Defendant American International Specialty Insurance Company (AISLIC), now known as AIG Specialty Insurance Company, for breach of the terms of a 2006 policy AISLIC issued to MedPro. MedPro alleges that AISLIC breached the policy when it refused to cover MedPro's extra-contractual liability and eventual settlement of a third party's bad faith claim against MedPro.

This matter is set for a four-day jury trial to begin on January 28, 2020. In setting the trial, the Court invited the parties to file a report as to whether a trial in this case should be to the bench, or before a jury. Although both MedPro and AISLIC demanded a jury trial in their pleadings, only a bench trial was mentioned in the parties' Rule 26(f) report of initial planning meeting [ECF No. 19] that was approved by the Court during the March 28, 2014, Rule 16 preliminary pretrial conference [ECF No. 21].

On July 24, 2019, the Parties submitted their Report Regarding Jury or Bench Trial Proceedings [ECF No. 110]. MedPro continues to seek a jury trial in this matter. While acknowledging that the parties' Rule 26(f) report of initial planning meeting indicated that the case would be "ready for a bench trial" by a certain date, MedPro argues that this does not constitute a waiver, and that the inclusion was inadvertent, and most likely the result of re-using a report from another case. MedPro's counsel has no recollection, or written evidence, suggesting that its client agreed to waive a jury trial.

Taking the opposite view, AISLIC argues that both parties withdrew their jury trial demands in the Rule 26(f) report. AISLIC submits that the Rule 26(f) report, as approved by the Court, meets the Rule 39(a)(1) standard for withdrawal of a jury demand. In addition, MedPro's counsel should be presumed to have had full authority to bind MedPro when it signed the Rule 26(f) report.

"When a jury trial has been demanded under Rule 38," as it has here, "the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless: (1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record." Fed. R. Civ. P. 39(a)(1). Because AISLIC contends that the Rule 26(f) report constitutes a stipulation to a bench trial, the Court has listened to the recording of the March 28, 2014, preliminary pretrial conference that Magistrate Judge Roger Cosbey conducted before adopting the report. Upon review, the Court finds that there has not been a valid waiver of the right to a jury trial.

Magistrate Judge Cosbey addressed the discrepancy in the report, noting that "if the case proceeds to trial, it would be —surprisingly enough, it says the case should be

2

ready for a bench trial April 6, and that's in your report, but both plaintiff and defendant have . . . jury demands." He then asked counsel for each party, "is it your contemplation, then, that you're going to waive a jury and go to trial to the bench?" MedPro's counsel responded that he would need to run the matter by primary lead counsel, and asked for permission to do so.

Counsel for AISLIC noted the inclusion of a jury demand to avoid waiving it, but also indicated that there had been discussion of a bench trial. He further advised, "I think everyone is in agreement on our side that this case is probably amenable for resolution on dispositive motions, and so if there would be a trial, that would be on a very, very limited set of factual issues." AISLIC's counsel concluded his remarks by stating, "But I don't think at this point we are necessarily in a position to waive a jury, but we certainly discussed the concept of a bench trial." Magistrate Judge Cosbey acknowledged that he understood, and there was no further discussion on the point.

The Court concludes, based on these comments, that the reference to a bench trial in the Rule 26(f) report was not a "stipulation to a nonjury trial." Rather, it was an acknowledgement that a bench trial was a possible option, if the matter proceeded to a trial at all. At that point in the litigation, neither party was ready to withdraw its demand to a jury trial. In light of the "presumption against waiver of the constitutional right to jury trial," *Middle Tenn. News Co. v. Charnell of Cincinnati, Inc.*, 250 F.3d 1077, 1083 (7th Cir. 2001) (first citing *Winter v. Minnesota Mut. Life Ins. Co.*, 199 F.3d 399, 408 n.11 (7th Cir. 1999); then citing *Jennings v. McCormick*, 154 F.3d 542, 545 (5th Cir. 1998) (explaining that

courts must use every reasonable presumption against waiver of a jury demand)), the Court concludes that the parties' jury demands remain in effect.

**CONCLUSION**

For the reasons stated above, the jury trial scheduled to begin on January 28, 2020, is CONFIRMED.

SO ORDERED on August 13, 2019.

                                    s/ *Holly A. Brady*
                                    JUDGE HOLLY A. BRADY
                                    UNITED STATES DISTRICT COURT